Newman, J.
This was a proceeding in man-
damus in the court of appeals of Henry county to compel the county commissioners to designate the defendant in error, The Commercial State Bank of Napoleon, the relator, as an inactive depositary of *146 the public money of Henry county to the amount of $100,000 in excess of $50,000 awarded to The Corn City State Bank of Deshler, Ohio.
Pursuant to notice duly published by the county commissioners, inviting sealed proposals from banks and trust companies to act as inactive and active depositaries of Henry county, seven proposals were filed. For inactive deposits The Corn City State Bank bid 3|- per cent, on $50,000; The Commercial State Bank bid 3-J per cent, on $100,-000; The Napoleon State Bank bid 3 per cent, on $150,000, 2.5 per cent, on $125,000; 2.2 per cent, on $100,000; 2.1 per cent, on $75,000, and 2 per cent, on $50,000, and The First National Bank bid 2.9 per cent, on $40,000. For active deposits The Commercial State Bank bid 2 per cent., The Napoleon State Bank bid 1.3 per cent, and The First National Bank bid 1.3 per cent. The several banks tendered in their proposals either personal sureties or municipal bonds or surety companies. The relator, The Commercial State Bank, in its proposals for the inactive and active deposits tendered in each twelve personal sureties, the sureties tendered in its proposal for the inactive deposits being identical with those tendered in its proposal for the active deposits.
The county commissioners awarded the money of the county as follows: To The Corn City State Bank $50,000 of inactive deposits at its bid of 3§ per cent.; to The First National Bank $40,000 of inactive deposits at its bid of 2.9 per cent.; to The . Napoleon State Bank $75,000 of inactive deposits at its bid of 2.1 per cent., and to the relator, The *147 Commercial State Bank, all of the active deposits of the county at its bid of 2 per cent.
The court of appeals in its conclusions of fact found that the sureties tendered in the two proposals of the relator, The Commercial State Bank, were eligible, competent and proper sureties in at least the sum of $250,000. It found that the relator was able, ready and willing to enter into a bond conditioned, as required by law, for the faithful performance of its duties as depositary of either or both active or inactive deposits, and that it was able, ready and willing to furnish such additional sureties on such undertaking as the county commissioners might request for the repayment of both active and inactive deposits, in such manner and form as the commissioners might direct.
The commissioners took no action on the proposal of the relator other than to award to it the active funds, and did not request any. additional sureties as to either of its said proposals. For the period covered by the bids the inactive funds of the county will probably average an aggregate amount of not less than $165,000.
The court of appeals found further that with the exception of The Corn City State Bank the relator, The Commercial State Bank, was the highest and best bidder for the inactive funds and that it was to the best interests of Henry county that the inactive funds not awarded to The Corn City State Bank be awarded to the relator.
The court ordered that a writ of mandamus issue to the county commissioners compelling them to designate the relator as an inactive depositary of- *148 the public money of Henry county to the amount of $100,000 in excess of the $50,000 awarded to The Corn City State Bank. Plaintiff in error is here asking a reversal of the judgment of that court.
The statutory provisions relating to county depositaries are found in Sections 2716 to 2745, General Code. Under the provisions of Section 2716 the commissioners are required to publish notice inviting proposals from banks and trust companies to act as depositaries, and there is this further provision: “Each proposal shall contain the name of the sureties or securities, or both, that will be offered to the county in case the proposal is accepted.” Section 2717 fixes the time for the opening of the proposal and provides that “The commissioners in open session shall open the sealed proposals and award the use of such money to the bank or banks or trust companies that offer the highest rate of interest therefor on the average daily balance, provided proper sureties, securities or both, are tendered in the proposal.” Section 2726 relates to the undertaking to be entered into by the successful bidder. It contains, among others, this provision: “The same surety shall not be accepted on more than one undertaking as to any one depositary at the same time.”
Counsel for the commissioners maintain that the relator, in its proposal for the inactive deposits, having tendered sureties identical with those tendered by it in its proposal for the active deposits, and Section 2726 providing that the same surety shall not be accepted on more than one undertaking as to any one depositary at the same time, the relator did not *149 tender “proper sureties” within the meaning of those words as used in Section 2717, and that therefore the provisions of these two sections were not complied with.
The proposal of the relator to become the depositary for $100,000 of the inactive deposits of the county complied with the provisions of Section 2716. It stipulated the rate of interest it would pay, to be computed on the average daily balances, and agreed to enter into and execute a bond in such sum as might be required by the commissioners, conditioned according to law, and named twelve persons eligible and responsible who would sign the bond. If no proposal had been made by the relator for the active deposits the commissioners could not possibly have made any objection to the proposal for the inactive deposits, or if the proposal for the active deposits had not been accepted they undoubtedly would have awarded the inactive deposits to the amount of $100,000 to the relator. The only reason suggested by the commissioners for their refusal to award to the relator the inactive deposits was that the same individuals were tendered as sureties in the proposal of the relator for the active deposits. This fact could not destroy the legality of the proposal for the inactive deposits.
It was found by the court of appeals that, with the exception of The Corn City State Bank, the relator was the highest and best bidder for the inactive deposits and that it was to the best interest of Henry county that the inactive deposits not awarded to The Corn City State Bank be awarded to the relator. This the commissioners should have done, *150 and they were authorized to demand other and further sureties or securities when the undertakings required by Section 2726 were entered into. Section 2728 gives the successful bidder thirty days within which to execute the undertaking, and it is upon the acceptance by the commissioners of such undertaking that the bank becomes the depositary of the money of the county. The court of appeals found that the relator was able, ready and willing to enter into a bond as required by law for the faithful performance of its duties as depositary of either or both active and inactive deposits, and was able, ready and willing to furnish such sureties on the undertaking as the commissioners might require. As we view it, the objection of the commissioners to the proposal of the relator was technical and without merit. The proposal conformed to the requirements of Section 2716. The provision in Section 2717 that the commissioners shall award the use of the money to the bank that offers the highest rate of interest is mandatory, and the relator should have been awarded the use of $100,000 of the inactive deposits of the county. When the commissioners did not make this award it was a failure to perform an official duty enjoined by law and in the interest of the county and the taxpayers. Upon the facts found by the court of appeals the judgment of that court is correct and the same is affirmed.

Judgment affirmed.

Nichols, C. J., Shauck, Johnson, Donahue, Wanamaker and Wilkin, JJ., concur.